JIJONES, Judge.
This appeal stems from a personal injury action arising out of a workplace accident. Appellant, Barbara Kerner seeks review of the a trial court’s grant of summary judgment wherein that court held appellant was a statutory employee and her exclusive remedy was in worker’s compensation.
Kerner was employed by Maurice Guillot Realty, Inc. (MGRI), as an independent contractor to provide cleaning services at apartments and condominiums owned by Seeor Bank (Secor) and managed by MGRI. In addition to her contract with MGRI, Kerner had her own carpet cleaning and real estate cleaning business which she operated in the Kenner, Louisiana area.
On the date of the accident, Kerner arrived at the apartment which she was assigned to clean and began her inspection to determine what needed to be done. As she walked up the stairs to inspect the second floor of the apartment, she used the right handrail for support. Kerner testified that she was almost to the top of the stairs when the handrail gave way causing her to fall to the bottom of the stairs and suffer various injuries.
12Kerner filed suit against MGRI, Secor and its insurer Fidelity and Deposit Insurance Company of Maryland (Fidelity), alleging both strict liability and negligence. MGRI, Secor, and Fidelity filed motions for summary judgment alleging that Secor was the statutory employer of appellant and her exclusive remedy was workers’ compensation. The trial court granted all motions for summary judgment.
Kerner assigns as error the trial courts’ granting of summary judgment in favor of Seeor and Fidelity and argues that there are genuine issues of material fact. Specifically, Kerner argues that the trial court erred in applying the “integral relation” test instead of the “totality of the circumstances” test in determining whether she was a statutory employee. Also, Kerner asserts that the trial court erred when it failed to consider or rule on her claim that the 1989 amendment to LSA-R.S. 23:1061 is unconstitutional, and therefore the test espoused in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La. 1986) is retained when determining statutory employer status. The Berry decision provided that the statutory employer status as a defense was precluded when (1) the work was specialized per se, or (2) when the principal was not actually engaged in the contract work at the time of the accident.
However, in 1989 LSA-R.S. 23:1061 was amended to provide:
A. When any person, in this Section referred to as the “principal”, undertakes to execute any work, which is a part of his *21 trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the “contractor”, for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the ^employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal’s direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been hable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
At first glance, this language appears to expressly overrule the standard set forth in Berry; however, the amended section is silent as to the standard to be applied for determining statutory employer status. Thus, it was not clear whether the Legislature intended, as some of the state Courts of appeal have held, to overrule Berry and return to the “integral relationship test”, or whether the Legislature only intended to relax the rigid and mechanical application of the test as espoused in Berry.
In the recent decision of Kirkland v. Riverwood International USA, Inc., 95-C-1830, (La. 9/13/96), 681 So.2d 329, the Supreme Court addressed the many conflicting decisions by the various courts of this state and clearly set forth the standard to be applied by holding:
[T]he appropriate standard under the amended Section 1061 for determining whether the contract work is part of the alleged principal’s trade, business, or occupation is for the Court to consider all pertinent factors under the totality of the circumstances. The presence or absence of any one factor is not determinative, and the presence of one factor may compensate for the lack of another.
|4The Court further noted that a totality of the circumstances inquiry is frequently difficult to accomplish on motion for summary judgment which requires a showing that there is no genuine issue of material fact that would defeat entitlement to judgment as a matter of law.
The property where this accident occurred had been foreclosed on by Seeor Bank. Stanley Weir, Seeor’s Senior Vice-President over Special Assets, testified at his deposition that his department handled all of Seeor’s foreclosed properties and as a matter of policy, they never hired people to clean the properties. This task was handled by MGRI. Furthermore, Weir specifically testified that Kemer was not an employee of Secor.
In her deposition, Kemer stated that at her first meeting with MGRI, she signed documents acknowledging that she was self-employed and responsible for her own taxes. MGRI did not deduct any taxes from the fees paid to Kemer for her services. Kemer further testified that she was not paid separately for her cleaning supplies and equipment.
In light of the foregoing testimony, we find that the issue of whether Kerner was a statutory employee who performed work which could be considered part of Secor’s trade, business, or occupation is a factual determination to be resolved in a trial on the merits. Accordingly, the ruling of the trial court is *22 reversed and this matter is remanded for a trial on the merits.

REVERSED AND REMANDED.

CIACCIO, J., dissents with reasons.